UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHANNES ABAYNEH, an individual, and MAGELLAN, a business entity,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1- 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:25-cv-07582-HDV-JC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEY'S FEES [16]** |

## I. INTRODUCTION

This lemon law action arises out of Plaintiffs Yohannes Abayneh and Magellan's purchase of a 2018 GMC Yukon. Plaintiffs allege that the vehicle experienced "electrical and drive assist defects" during the warranty period.

Before the Court is Plaintiffs' Motion to Remand ("Motion") [Dkt. 16], which asserts that the removal of this case on August 14, 2025 was untimely. Plaintiffs maintain that removability was clear from the face of the complaint[1] filed in Los Angeles Superior Court because the amount in controversy clearly exceeded $50,000. Yet, at the same time, Plaintiffs aver that the Court lacks subject matter jurisdiction because the amount in controversy does not clearly exceed $50,000.

For the reasons discussed thoroughly in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28] ("*Chavarin* Order"), the Court concludes that the Complaint did not provide sufficient grounds for triggering the 30-day removal clock under 28 U.S.C. § 1446(b). The removal was therefore timely. As to the merits of subject matter jurisdiction, the Court concludes that Defendant has met its burden, by the lower "preponderance of the evidence" standard, to establish that removal was proper. The Motion is denied.[2]

## II. BACKGROUND

Plaintiffs purchased a 2018 GMC Yukon (the "Vehicle") in April 2019. FAC ¶¶ 6, 9 [Dkt. 1-1]. Plaintiffs allege the Vehicle was defective and that Defendant General Motors failed to fulfill its warranty obligations. *Id.* ¶¶ 12, 14.

Plaintiffs filed a First Amended Complaint on March 28, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and the federal Magnuson-Moss

---

[1] Plaintiffs' First Amended Complaint ("FAC"), filed on March 28, 2025 and attached as Exhibit A to the Notice of Removal [Dkt. 1-1] is the only complaint the parties have put before the Court; the Court does not have a copy of Plaintiffs' initial complaint, apparently filed on February 3, 2025. *See* Motion at 1. Plaintiffs did, however, attach proof of service of summons on the initial complaint, which is dated February 3, 2025. Declaration of Michelle Yang ("Yang Decl."), Ex. 1 [Dkt. 16-1]. For purposes of this Motion, the Court evaluates the FAC, which is the complaint to which Plaintiffs cite. *See* Motion at 1 (citing to "Dkt. No. 1, Notice of Removal, Ex. A, hereinafter, 'Complaint'").

[2] Because the Motion to Remand is denied, Plaintiffs' attendant request for attorneys' fees is also denied.

Warranty Act ("MMWA"). *Id.* ¶¶ 8–44. The FAC identifies Plaintiffs as residents of Northridge, California, but provides no further information about domicile or citizenship. *Id.* ¶ 2. The FAC also does not have any indication of the purchase price of the Vehicle. Defendant filed its Answer on June 20, 2025. Notice of Removal, Ex. B (General Motors Answer to Complaint) [Dkt. 1-2].

Defendant removed the case on August 14, 2025, alleging that this Court has diversity jurisdiction. Notice of Removal at 2–5 [Dkt. 1]. Defendant estimated that the purchase price of the Vehicle was $59,830.10. *Id*. at 5. With $22,208.90 in estimated deductions, Defendant estimated the plausible actual damages amount to be $37,621.10. *Id*. On August 19, 2025, Plaintiffs produced the purchase agreement and payment history for the Vehicle, showing it was purchased by Plaintiffs for $48,799.68. Declaration of Katya Etemadieh ("Etemadieh Decl."), Exs. A, C [Dkts. 17-1, 17-2, 17-4]. Defendant also produced its records of the Vehicle's repair history. *Id*., Ex. B [Dkt. 17-3].

Plaintiffs filed the instant Motion on September 12, 2025. After full briefing, see Opposition [Dkt. 17]; Reply [Dkt. 19], the Court deemed the matter appropriate for resolution without oral argument and took it under submission. [Dkt. 21].

### III.   LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136, 1139–40 (9th Cir. 2013). Should the initial pleading not reveal grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" which establishes that removability is "unequivocally clear and certain." 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021). These 30-day time limits, although procedural in nature, are mandatory, and a successful challenge to removal based on a late notice requires

remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

The removing party bears the burden of establishing federal subject matter jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the jurisdictional requirements have been satisfied. *Id*. at 82.

"[W]hether a defendant can establish that federal jurisdiction exists and . . . when the thirty-day time period begins are not two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n.3. If a Defendant, based on its own knowledge or investigation, knows of and can plausibly allege facts which confer federal jurisdiction, it *may* remove even though the removal clock may not have *necessarily* started to run. *See id.* at 1139–42.

## IV.     DISCUSSION

### A.     Timeliness of Removal

Plaintiffs make several, sometimes conflicting, arguments in support of remand. Indeed, Plaintiffs' counsel has raised similar arguments in several other lemon law cases against General Motors in recent months. This Court first considered and decided some of the relevant issues in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875 (C.D. Cal. Oct. 29, 2025). Plaintiffs' timeliness arguments here fail for the same reasons as in *Chavarin*.

First, Plaintiffs argue that removability was apparent from the face of the complaint based on federal question jurisdiction (given the MMWA claim). Motion at 4–5. This argument fails because there is federal question jurisdiction under that statute *only* if the amount in controversy on the MMWA claim is at least $50,000. 15 U.S.C. § 2310(d)(3)(B). But Plaintiffs' FAC does not include any allegations as to the Vehicle's value (*e.g.*, sales price, market value) that would give Defendant notice that the MMWA claim is greater than this jurisdictional threshold. *See Chavarin*, 2025 WL

3030875 at *2–3 & n.2.[3]  Nor did Plaintiffs serve any additional "paper" that gave "unequivocally clear and certain" notice the MMWA claim was at least $50,000.  Defendant's removal was therefore not untimely.

### B. Subject Matter Jurisdiction

Contradicting their first argument, Plaintiffs next aver that Defendant has not met its burden as the removing party of establishing the amount in controversy required for subject matter jurisdiction.  Motion at 9–10.  The Court disagrees.

Plaintiffs seek relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees.  Cal. Civ. Code § 1794.  "In the case of restitution," actual damages are "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by offsets for the use by the buyer prior to the first delivery for repair, negative equity, manufacturer's rebates, any third-party sold optional equipment, and unpaid financing.  Id. § 1793.2(d)(2); Cal. Code Civ. Proc. § 871.27(b)–(d), (f).  The sales contract Defendant attaches to its opposition reveals that Plaintiffs purchased the Vehicle for $48,799.68 with 36,298 miles.  Etemadieh Decl., Ex. A.  Based on a review of the repair history and additional mileage accrued, Defendant calculated a mileage offset of $5,682.13.  Opposition at 17; Etemadieh Decl., Ex. B.  Defendant accordingly (and plausibly) estimates the actual damages to be $43,117.55.  Opposition at 17.[4]  In addition, Plaintiffs' potential recovery in civil penalties is double the actual damages, or $86,235.10.  "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of

---

[3] Diversity-related removability also could not be ascertained from the FAC, both because the FAC contains no facts suggesting that the $75,000 amount in controversy was met, and because the allegations of Plaintiffs' California residency do not set forth their domicile or citizenship.  See Chavarin, 2025 WL 3030875 at *3.

[4] Defendant also plausibly estimates, based on the loan payoff history, that Plaintiffs made seventeen monthly payments, including thirteen payments of $704.16, one payment of $281.66, one payment of $300, one payment of $422.50, and one lump-sum payment of $22,594.99, leaving $0 in unpaid financing.  Opposition at 17; Etemadieh Decl., Ex. C.  Plaintiffs take issue with Defendant's evidence as "fatally speculative," but they do not offer any evidence in response that challenges Defendant's calculations.

what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025). That brings the amount in controversy to $129,352.65, easily exceeding the jurisdictional threshold before even accounting for attorneys' fees.

Defendant has also met its removal burden with regard to diversity. Diversity jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant has alleged in its Notice of Removal that Plaintiffs are citizens of California and Defendant is a citizen of Michigan and Delaware. Plaintiffs have not contested these allegations, *see generally* Motion and Reply, and they are sufficient for present purposes.

In summary, the Court concludes that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000 and finds that this Court has diversity jurisdiction.

V.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion is ***denied***.

Dated: November 10, 2025

_____
Hernán D. Vera
United States District Judge